Anthony L. Hall, Esq., NV Bar No. 5977
ahall@hollandhart.com
Dora V. Lane, Esq., NV Bar No. 8424
dlane@hollandhart.com
Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Attorneys for Defendants Queenstake Resources USA, Inc.,
Yukon-Nevada Gold Corp., Robert F. Baldock, Graham Dickson,
and Shaun Heinrichs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KURT KNUDSEN, DONALD CAPP, LARRY MOON, STEVE VOLKERT, and PAUL DYER on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>QUEENSTAKE RESOURCES U.S.A., INC., YUKON-NEVADA GOLD CORP, collectively aka Yukon-Nevada/Queenstake USA, Robert F. Baldock, Graham Dickson, and Shaun Heinrichs<br><br>Defendants. | CASE NO. 3:09-cv-00385-BES-VPC<br><br>**DEFENDANTS MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANTS YUKON-NEVADA GOLD CORP., ROBERT F. BALDOCK, GRAHAM DICKSON, AND SHAUN HEINRICHS FOR LACK OF PERSONAL JURISDICTION** |

Pursuant to FRCP 12(b)(2), Defendants Queenstake Resources USA, Inc. ("Queenstake"), Yukon-Nevada Gold Corp. ("Yukon") (collectively, the "Corporate Defendants"), Robert F. Baldock ("Baldock"), Graham Dickson ("Dickson"), and Shaun Heinrichs ("Heinrichs") (collectively, the "Individual Defendants") move to dismiss all claims filed by Plaintiffs Kurt Knudsen, Donald Capp, Larry Moo, Steve Volkert, and Paul Dyer (collectively "Plaintiffs") against Yukon, Baldock, Dickson, and Heinrichs for lack of personal jurisdiction.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiffs' Complaint asserts causes of action for (1) breach of contract (against the Corporate Defendants); (2) violation of the Worker Adjustment and Retraining Notification Act ("WARN") (against the Corporate Defendants); (3) breach of fiduciary duty under the Employee

Retirement Income Security Act ("ERISA") (against all Defendants); and (4) unpaid wages under NRS Chapter 608 (against the Corporate Defendants). Plaintiffs also indicate an intent to foreclose on an alleged lien they have against the Corporate Defendants.

Plaintiffs' only claim against the Individual Defendants is for breach of fiduciary duty under ERISA, and should be dismissed as it pertains to the Individual Defendants because Nevada does not have general or specific personal jurisdiction over Baldock, Dickson, or Heinrichs. The Individual Defendants are not subject to general personal jurisdiction in Nevada because they do not have the required "continuous and systematic" contacts sufficient for them to reasonably anticipate being called into a court in Nevada. Namely, the Individual Defendants do not own, lease, or rent any real or personal property in Nevada, are not residents of Nevada, have no bank accounts in Nevada, and other than their acts taken in their official capacity as representatives of the Corporate Defendants, conduct no business in and derive no income from Nevada. It is well-established that an officer's actions taken on behalf of a corporation in a state are insufficient to justify the exercise of personal jurisdiction over the officer in that state. For this reason, Nevada also lacks specific personal jurisdiction over the Individual Defendants because they performed all actions that allegedly give rise to Plaintiffs' claims on behalf of the Corporate Defendants and not in their individual capacities. Moreover, Heinrichs and Baldock did not begin to serve as officers of the Corporate Defendants until well after the relevant events took place and therefore, cannot be responsible for the alleged wrongful conduct. Thus, Plaintiffs' claim against the Individual Defendants should be dismissed for lack of personal jurisdiction.

Plaintiffs' claims against Yukon should likewise be dismissed. Yukon is a Canadian company which has no office or facilities in Nevada, owns no real or personal property in Nevada, has no employees in Nevada, and has no bank accounts in Nevada. Yukon's only connection to Nevada is its ownership of Queenstake, one of its subsidiaries. It is well-established that a court cannot exercise personal jurisdiction over a parent company based solely on the activities of its subsidiary. Further, Plaintiffs have not and cannot show that Yukon did anything in relation to the Plaintiffs' Complaint that ties Yukon to Plaintiffs' causes of action. Accordingly, all claims against Yukon should be dismissed.

## II. FACTUAL BACKGROUND

Yukon is a Canadian company headquartered in Vancouver, British Columbia, which is in the business of discovering and developing gold deposits. *See* Declaration of Graham Dickson, attached hereto as **Exhibit "1"**, at ¶ 3. Queenstake is the sole owner of certain gold mines located in Elko County, Nevada (the "Mines"), where Plaintiffs were previously employed. *Id.* at ¶ 5; Assessor Data Inquiry Printouts from Elko County, Nevada Assessor's website, attached hereto as **Exhibit "2"**. Yukon is Queenstake's parent company and is the sole owner of Queenstake. Exhibit 1 at ¶ 4. Yukon does not have an office or any operational facilities in Nevada and has no employees in Nevada. *Id.* at ¶¶ 6-7. Yukon owns no real or personal property in Nevada. *Id.* at ¶ 8. Yukon has no bank accounts in Nevada. *Id.* at ¶ 9.

Plaintiffs allege that Baldock and Dickson each were or are the Corporate Defendants' President and Chief Executive Officer. Compl., at ¶¶ 7-8. Plaintiffs also allege that Heinrichs was or is the Chief Financial Officer of the Corporate Defendants. *Id.*, at ¶ 9. These allegations do not accurately represent the Individual Defendants' involvement with the Corporate Defendants. Specifically, Baldock is the current President of Yukon and Queenstake, but he only began serving in these positions in approximately June 2009. *See* Declaration of Robert Baldock, attached hereto as **Exhibit "3"**, at ¶ 2. Prior to that time, Baldock had never served as an officer or director of either Corporate Defendant. *Id.* Dickson served as the President of Queenstake and Yukon until approximately June 2009, when he became Yukon's Chief Operating Officer. Exhibit 1 at ¶ 2. Dickson is no longer an officer of Queenstake. *Id.* In November 2008, Heinrichs became Yukon's Chief Financial Officer of Yukon and has been since November 2008. Declaration of Shaun Heinrichs, attached hereto as **Exhibit "4"**, at ¶ 2. In June 2009, Heinrichs also became Queenstake's Secretary and Treasurer of Queenstake. *Id.* Prior to these times, Heinrichs had never served as an officer or director of either Corporate Defendant. *Id.*

Baldock is, and has always been, a citizen and resident of Canada or Australia. Exhibit 3 at ¶ 3. Dickson is, and always has been, a resident and citizen of Canada or the United Kingdom. Exhibit 1 at ¶ 10. Heinrichs is, and always has been, a citizen and resident of Canada. Exhibit 4

at ¶ 3. The Individual Defendants do not own, nor have they ever owned, real or personal property in Nevada. *Id.* at ¶ 11; Exhibit 3 at ¶ 4; Exhibit 4 at ¶ 4. The Individual Defendants do not rent or lease any real or personal property in Nevada. Exhibit 1 at ¶ 12; Exhibit 3 at ¶ 5; Exhibit 4 at ¶ 5. The Individual Defendants have no bank accounts in Nevada. Exhibit 1 at ¶ 13; Exhibit 3 at ¶ 6; Exhibit 4 at ¶ 6. Other than their actions taken as officers of the Corporate Defendants, the Individual Defendants transact no business in Nevada and derive no income from services rendered or goods consumed in Nevada. Exhibit 1 at ¶ 14; Exhibit 3 at ¶ 7; Exhibit 4 at ¶ 7. The Individual Defendants' only travel to Nevada has been for business on behalf of the Corporate Defendants. Exhibit 1 at ¶ 15; Exhibit 3 at ¶ 8; Exhibit 4 at ¶ 8.

On or about August 8, 2008, Queenstake issued a Notice of Mass Layoff, announcing that underground workers at the Mines would be laid off, effective August 12, 2008. Compl., Ex. B. Queenstake indicated an intent to pay its laid off employees in accordance with WARN and further stated that its insurance plan remained in place, and COBRA was available to interested employees. Compl., Exs. B and C. Unfortunately, Queenstake was compelled to terminate approximately 400 employees working at the Mines on August 8, 2008. Compl., at ¶ 12. Allegedly, Defendants also did not pay workers for all hours worked during their final week of employment, did not pay medical benefits for treatment that occurred before the layoffs, and failed to remit employee contributions to their medical and 401K plans, which had already been withheld from their paychecks. Compl., at ¶¶ 19-20. As a result, Plaintiffs filed this action, asserting the causes of action referenced above.

### III. LEGAL ANALYSIS

#### A. Legal Standard.

The Federal Rules of Civil Procedure permit a responding party to seek dismissal of a claim based upon lack of personal jurisdiction over a defendant. FED. R. CIV. P. 12(b)(2). A state may only acquire personal jurisdiction over a nonresident defendant if the defendant has "minimum contacts" with the state so that maintenance of the suit will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) *accord, Hanson v. Denckla*, 357 U.S. 235 (1958).

When establishing personal jurisdiction over a defendant, the burden of proof falls upon the plaintiff to prove the court has jurisdiction by a preponderance of the evidence. *Myers v. Johns Manville Sales Corp.*, 600 F.Supp. 970, 980 (D.Nev. 1984). Plaintiffs may not rely on the pleadings alone in order to survive a motion to dismiss for lack of personal jurisdiction. *Barrett v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001); *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603-04 (3d Cir. 1990). Further, for purposes a motion to dismiss for lack of personal jurisdiction, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Menalco, FZE v. Buchan*, 602 F.Supp.2d 1186, 1191 (D.Nev. 2009) (quoting *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992)).

### B. This Court Lacks General Personal Jurisdiction Over the Individual Defendants and Yukon Because They Have Insufficient Continuous and Systematic Contacts With Nevada.

General jurisdiction occurs where a defendant is required to answer in a forum for claims unrelated to the defendant's activities within the forum. *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2009). The standard for establishing general jurisdiction is high, in that the contacts with the forum state must be so continuous and systematic that the defendant could reasonably anticipate being called into a court in that forum. *Id.*; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1543-44 (10th Cir. 1996). The standard is equally high whether the defendant is an individual or a corporation. *Trierweiler*, 90 F.3d at 1544.

#### 1. This Court Lacks General Personal Jurisdiction Over the Individual Defendants.

Plaintiffs' Complaint should be dismissed because the Individual Defendants do not have the minimum continuous and systematic contacts required for the court to exercise jurisdiction over them. Baldock is, and always been, a resident and citizen of Canada or Australia. Heinrichs is, and always have been, a resident and citizen of Canada. Dickson is, and always has been, a resident of Canada or the United Kingdom. The Individual Defendants do not, and never have, owned real or personal property in Nevada. The Individual Defendants do not lease or rent any real or personal property in Nevada. The Individual Defendants have no bank accounts in Nevada. The Individual Defendants do not travel to Nevada other than to conduct business on behalf of the

Corporate Defendants in their official capacities. Other than actions in their official capacities as corporate officers of the Corporate Defendants, the Individual Defendants do not do business in Nevada, or derive any revenues from any goods consumed or services rendered within Nevada. However, actions taken in one's capacity as a corporate officer cannot suffice to establish personal jurisdiction over a defendant. *Nicholas v. Saul Stone & Co. LLC*, 224 F.3d 179, 184 (3d Cir. 2000); *Bonney v. Roelle*, 117 F.3d 1413, *8 (4th Cir. 1997). Because all of the Individual Defendants' contacts with Nevada have been in their official capacities as officers of the Corporate Defendants, these contacts cannot provide the basis for exercising personal jurisdiction over the Individual Defendants.

It must also be noted that Plaintiffs only refer to each of the Individual Defendants once by name in the entire Complaint – in the Parties section. Compl., at ¶¶ 7-9. The factual portion of Plaintiffs' Complaint does not mention any of the Individual Defendants specifically even once. It is well-established that courts must analyze whether personal jurisdiction exists over each defendant separately. *Menalco*, 602 F.Supp.2d at 1191 (citing *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003)). Further, a complaint must plead facts to establish personal jurisdiction over each defendant, otherwise, it is subject to dismissal. *Curran v. Jerome Hotel*, 26 F.3d 130, *2 (9th Cir. 1994); *Malone v. Windsor Casino Ltd.*, 14 Fed. Appx. 634, 636 (citing *McNutt v. Gen. Motors*, 298 U.S. 178, 189 (1936)). Plaintiffs cannot simply file an entire Complaint without alleging the basis for personal jurisdiction over each Defendant, and hope that personal jurisdiction will be found as to all. Rather, Plaintiffs must specifically demonstrate how the court has personal jurisdiction over each Defendant individually. Plaintiffs have not satisfied this burden, in that they have not alleged, and cannot show, sufficient systematic and continuous minimum contacts between any of the Individual Defendants and Nevada, in their individual capacities, to justify the exercise of general personal jurisdiction over the Individual Defendants. In fact, Plaintiffs do not even attempt to connect any of the Individual Defendants with Nevada. Accordingly, Defendants' Motion should be granted and Plaintiffs' claim against the Individual Defendants should be dismissed.

///

### 2. This Court Lacks General Personal Jurisdiction Over Yukon.

The exercise of personal jurisdiction over a parent company based solely on the activities of its subsidiary is improper. *See Doe v. Unocal Corp.*, 248 F.3d 915, 925-26 (9th Cir. 2001) ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum."); *see also MGM Grand v. District Court*, 107 Nev. 65, 68-69, 807 P.2d 201, 203 (1991) (declining to exercise jurisdiction where the parent's advertising and promotion of company theme parks were neither continuous nor systematic, and the subsidiaries' contacts could not be counted for jurisdictional purposes) (relying on *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

Because Plaintiffs have failed to present any facts which would otherwise subject Yukon to personal jurisdiction in Nevada, it is "neither reasonable nor constitutionally permissible to require [Yukon] to litigate" in Nevada. *MGM Grand*, 107 Nev. at 67, 807 P.2d at 202. Initially, as with the Individual Defendants, Plaintiffs do not allege any specific jurisdictional facts as to Yukon, as a result of which they have not met the requisite pleading standard. More importantly, Yukon is a Canadian company which has no office or facilities in Nevada, owns no real or personal property in Nevada, has no employees in Nevada, and has no bank accounts in Nevada. Plaintiffs incorrectly allege that both Yukon and Queenstake are the owners of gold mines in Elko County, Nevada. Compl., at ¶ 6. However, these gold mines are fully owned by Queenstake, not Yukon. Exhibit 2. Thus, Yukon's only relationship to Nevada is its ownership of Queenstake, which, as noted above, is insufficient to confer this court with general personal jurisdiction over Yukon. Accordingly, Defendants' Motion should be granted and Plaintiffs' claims against Yukon should be dismissed.

### C. This Court Lacks Specific Personal Jurisdiction Over the Individual Defendants and Yukon.

A court may exercise specific personal jurisdiction over a defendant only if (1) the defendant has performed an act or transaction within the forum or purposefully availed himself of the privilege of conducting activities within the forum, (2) the plaintiffs' claim arises out of or

results from the defendant's activities in the forum, and (3) the exercise of jurisdiction over the defendant is reasonable. *Menalco*, 602 F.Supp.2d at 1192. This "purposeful availment" requirement has been interpreted such that "the defendant's contacts with the forum must be more than random, fortuitous, or attenuated, it is the quality of the contacts and not the quantity that confers personal jurisdiction." *Trump v. District Court*, 109 Nev. 687, 700, 857 P.2d 740 (1993) (citations omitted). To meet the second factor, the claims must "have a specific and direct relationship or be intimately related to the forum contacts." *Firouzabadi v. District Court*, 110 Nev. 1348, 1355, 885 P.2d 616, 621 (1994) (citation omitted).

### 1. This Court Lacks Specific Personal Jurisdiction Over the Individual Defendants Because Their Only Contacts With Nevada Have Been as Officers of the Corporate Defendants.

"[I]f an individual's only contacts with a particular state are in his capacity as a fiduciary of a corporation, he may be shielded from that state's exercise of personal jurisdiction over him." *Sage Computer Tech. v. P-Code Distrib. Corp.*, 576 F.Supp. 1194, 1196 (D.Nev. 1983) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir. 1981)). This is due to "the unfairness of forcing a person to defend himself in a forum where his only contacts were for the benefit of his employer, rather than himself." *Id.* (dismissing claims against corporate president for lack of personal jurisdiction where his only contacts with Nevada were in connection with distributor agreement between plaintiff and defendant corporation). Likewise, "[j]urisdiction over an individual director or officer of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individual himself maintains contacts with the forum state that would subject him to the coverage of the state's long arm statute and comport with due process." *Hoag v. Sweetwater Int'l*, 857 F.Supp. 1420, 1426 (D.Nev. 1994).

For example, in *Hoag*, the court held that jurisdiction over the corporate defendant's president was not appropriate because "all forum-related contact by [the president] was made on behalf of the corporation" and not as a result of the president's conducting of business in Nevada in his personal capacity. *Id.* at 1426-27. Plaintiffs' theory of personal jurisdiction in this matter is predicated on an assumed connection between the Individual Defendants and Nevada that arises solely from the Individual Defendants' roles as officers of the Corporate Defendants. However,

Page 8 of 14

any contact the Individual Defendants may have had with Nevada was in their official capacities as officers or fiduciaries of the Corporate Defendants – not in their individual capacities.

To begin, Plaintiffs allege that the Individual Defendants were acting as an "employer", as that term is defined by ERISA in 29 U.S.C. § 1002(5), because they were "persons who were 'acting directly or indirectly in the interest of an employer in relation to an employee'" and "had the power on behalf of Yukon-Nevada/Queenstake USA to borrow monies and/or take funds … to make the required contributions to the ERISA medical plan(s) at issue and to pay for the administration of such plan(s), but failed to do so." Compl., at ¶¶ 49-50, 59. Thus, Plaintiffs' own allegations that the Individual Defendants were "acting directly or indirectly in the interest of an employer" demonstrates that even if the Individual Defendants took the actions alleged by Plaintiffs, the Individual Defendants did so in the interest of and on behalf of the Corporate Defendants. Accordingly, Plaintiffs cannot now argue that the Individual Defendants were acting in their individual capacities when their own Complaint contains allegations to the contrary.

Further, any such argument by Plaintiffs that the Individual Defendants were acting in their individual capacities would defeat Plaintiffs' only claim against the Individual Defendants for breach of fiduciary duty under ERISA, because such a claim requires that the Individual Defendants have been acting in the interest of an employer, i.e., Yukon or Queenstake. *See* 29 U.S.C. § 1002(5), 21(A); Compl., at ¶¶ 49-53, 59. In other words, if the Individual Defendants were acting in their individual capacities, they could not have acted in violation of a fiduciary duty under ERISA because they would not meet the statutory definition of employer. (Plaintiffs have not and cannot allege any independent basis to hold the Individual Defendants liable as fiduciaries besides their alleged conduct as officers of the Corporate Defendants.) If, on the other hand, the Individual Defendants were acting in the interest of the Corporate Defendants, their only contacts with Nevada were on behalf of the Corporate Defendants and therefore, cannot subject them individually to personal jurisdiction in Nevada. Either way, the Individual Defendants should be dismissed from this action because they are either not subject to jurisdiction here or cannot bear liability as fiduciaries under ERISA.

Lastly, Plaintiffs attach as Exhibit A to their Complaint an e-mail from Dickson to Plaintiff Paul Dyer regarding payments under the WARN Act. Far from supporting Plaintiffs' arguments, however, this document simply demonstrates that any actions Dickson took in relation to this matter were taken in his official capacity as an officer of the Corporate Defendants, and contains no reference to any ERISA plans. Indeed, the e-mail was sent through Dickson's company e-mail account and contains no mention of any acts taken in Dickson's individual capacity. Compl., Ex. A. Accordingly, as with the other Individual Defendants, Plaintiffs have failed to establish any facts supporting their conclusion that Dickson's activities gave rise to Plaintiffs' claims.

### 2. This Court Lacks Specific Personal Jurisdiction Over Baldock and Heinrichs Because Plaintiffs' Claims Did Not Arise Our of Baldock and Heinrichs' Contacts with Nevada.

In addition to the analysis set forth above as to all Individual Defendants, there is a separate basis for dismissing Heinrichs and Baldock because these individuals were not even involved with either Queenstake or Yukon until well after the relevant events took place. The only cause of action brought against the individual defendants in this matter is a claim for breach of fiduciary duty under ERISA for alleged non-payment of medical benefits and potentially, retirement contributions after the August 2008 shut-down of certain mines. However, neither Baldock nor Heinrichs were officers or directors of Queenstake or Yukon during August-September 2008, when the events complained of by Plaintiffs allegedly occurred. *See* Queenstake's Annual List of Officers, Directors, and Resident Agent attached hereto as **Exhibit "5"**. Baldock did not become involved with Queenstake or Yukon in an officer or director capacity until approximately June 2009. Heinrichs did not become involved with Queenstake in an officer or director capacity until June 2009, or with Yukon until November 2008. Accordingly, any actions that Heinrichs or Baldock may have taken on behalf of these entities occurred after the events giving rise to Plaintiffs' cause of action occurred and cannot provide the basis for specific jurisdiction over Henirichs and Baldock.

Additionally, Plaintiffs have not even pleaded (let alone established) what constituted the supposed breach of fiduciary duty on Heinrichs' and Baldock's parts. While Plaintiffs assert that all Defendants withheld money from employees' paychecks for medical benefit and retirement

contributions, Plaintiffs have not alleged what Heinrichs and Baldock did, *individually*, that would subject them to ERISA liability. There is simply no showing that any failure to make proper contributions to medical and retirement plans is in any way attributable to Heinrichs and Baldock, especially when they did not become involved with the Corporate Defendants until after the relevant timeframe. Without any specific wrongful conduct by Heinrichs and Baldock, there cannot be a showing that Plaintiffs' causes of action arose out of Heinrichs' and Baldock's supposed wrongdoing. Accordingly, Plaintiffs have failed to establish any facts supporting their conclusion that Baldock and Heinrichs' activities gave rise to Plaintiffs' claims, as required to support specific personal jurisdiction.

### 3. It Would Be Unreasonable to Force the Individual Defendants to Defend This Matter in Nevada.

As explained above, the Individual Defendants' involvement with Nevada's affairs is miniscule, in that their only contacts with the state have been in their capacities as officers of the Corporate Defendants. Based on these sporadic and minimal contacts, the Individual Defendants could not reasonably have expected to be called into Nevada to defend a case. Furthermore, because the Individual Defendants are residents and citizens of Canada, the burden on the Individual Defendants of defending this case in Nevada would be tremendous, in that they would be forced to travel to Nevada every time they are needed in a court proceeding or want to confer in person with counsel.

Based on the foregoing, because the Individual Defendants' only contacts with Nevada have been in their official capacities as officers of the Corporate Defendants, Plaintiffs' own allegations demonstrate that any actions allegedly taken by the Individual Defendants were performed in their official capacities, and forcing the Individual Defendants to defend this case in Nevada would be unreasonable, Defendants' Motion should be granted.

///

///

///

///

### 5. This Court Lacks Specific Personal Jurisdiction Over Yukon Because Yukon Has No Contacts with Nevada and it Would Be Unreasonable to Force Yukon to Defend This Matter in Nevada.

Having rejected general jurisdiction as a legitimate basis for exercising personal jurisdiction over Yukon in Nevada, it is equally apparent that specific jurisdiction cannot serve as such a basis either. Initially, an attempt to evaluate the quality of Yukon's contacts with Nevada *in relation to the basis for Plaintiffs' claims* for purposes of specific jurisdiction proves fruitless because Yukon has no such contacts. As mentioned above, Yukon's only relationship to Nevada is its ownership of Queenstake. Plaintiffs have not and cannot allege what, besides that ownership of its subsidiary Queenstake, Yukon did to give rise to Plaintiffs' causes of action. Yukon cannot be involved with the allegations underlying Plaintiffs' claims when it has no offices, facilities, employees, bank accounts, or property in Nevada, and when Plaintiffs have offered nothing to substantiate Yukon's specific responsibility for the alleged harm that Plaintiffs' suffered. There is simply no specific, direct, or intimate relationship between the claims set forth in the Complaint and Yukon's "contacts" with the state because Yukon has no such contacts and has not otherwise engaged in conduct that would subject it to personal jurisdiction in Nevada. Therefore, the Court should grant this Motion.

Finally, it would be unreasonable for this court to exercise specific personal jurisdiction over Yukon. Yukon's involvement with Nevada is miniscule, in that its only contacts with the state have been through ownership of its subsidiary, Queenstake. Based on these sporadic and minimal contacts, Yukon could not reasonably have expected to be called into Nevada to defend a case against it. Furthermore, because Yukon is a Canadian company, the burden on Yukon of defending this case in Nevada would be tremendous, in that it would be forced to send a representative to travel to Nevada every time it is needed in a court proceeding or wants to confer in person with counsel. Therefore, the only result that would further the traditional notions of fair play and substantial justice would be granting this Motion.

///

///

///

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' claim against the Individual Defendants and Yukon should be dismissed pursuant to FRCP 12(b)(2) for lack of personal jurisdiction.

DATED this 10th day of November, 2009.

HOLLAND & HART LLP

By /s/ Dora Lane
Anthony L. Hall
Nevada Bar No. 5977
Dora V. Lane
Nevada Bar No. 8424
5441 Kietzke Lane – Second Floor
Reno, Nevada 89511

*Attorneys for Defendants*

# PROOF OF SERVICE

I, Marcia Filipas, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Holland & Hart LLP. My business address is 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action.

On November 10, 2009, I served the foregoing **DEFENDANTS MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANTS YUKON-NEVADA GOLD CORP., ROBERT F. BALDOCK, GRAHAM DICKSON, AND SHAUN HEINRICHS FOR LACK OF PERSONAL JURISDICTION** by causing the above-named document to be served via U.S. Mail, addressed as follows:

Mark Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, Nevada 89511

Travis W. Gerber
Gerber Law Offices
491 4th Street
Elko, NV 89801

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 10, 2009.

_____
MARCIA FILIPAS

4619521_1.DOC