1  Mark R. Thierman, NSB 8285
   THIERMAN LAW FIRM
2  7287 Lakeside Drive
   Reno, NV 89511
3  Tel: (775) 284-1500
   Fax: (775) 703-5027
4  Email: laborlawyer@pacbell.net

5  Travis W. Gerber, NSB 8083
   GERBER LAW OFFICES, LLP
6  491 4th Street
   Elko, NV  89801
7  Tel: (775) 738-9258
   Fax: (775) 738-8198
8
9  Attorneys for Plaintiffs

10 Anthony L. Hall, NSB 5977
   Dora V. Lane, NSB 8424
11 HOLLAND & HART, LLP
   5441 Kietzke Lane, Second Floor
12 Reno, NV 89511
   Tel: (775) 327-3000
13 Fax: (775) 786-6179
   Email: ahall@hollandhart.com
14         dlane@hollandhart.com

15 Attorneys for Defendant

16

17              **UNITED STATES DISTRICT COURT**

18                   **DISTRICT OF NEVADA**

19 KURT KNUDSEN, DONALD CAPP,          Case No.: 3:09-CV-00385-BES-(VPC)
   LARRY MOON, STEVE VOLKERT, and
20 PAUL DYER on behalf of themselves, and   **[PROPOSED] ORDER GRANTING**
   all others similarly situated,           **PRELIMANRY APPROVAL OF CLASS**
21                                          **ACTION SETTLEMENT**

22                  Plaintiffs,        Judge: Honorable Robert C. Jones

23        vs.

24 QUEENSTAKE RESOURCE U.S.A. INC.,
   YUKON-NEVADA GOLD CORP.,
25 collectively aka Yukon-Nevada/Queenstake
   USA, Graham Dickson, and Shaun Heinrichs,
26

27                  Defendants.

28

On _____, 2011, the Court heard a joint motion by Plaintiffs KURT KNUDSEN, DONALD CAPP, LARRY MOON, STEVE VOLKERT, and PAUL DYER ("Class Representatives"), on behalf of themselves and all other similarly situated, and by Defendants QUEENSTAKE RESOURCE U.S.A. INC., YUKON-NEVADA GOLD CORP., collectively aka Yukon-Nevada/Queenstake USA, Graham Dickson, and Shaun Heinrichs for preliminary approval of a proposed class action settlement.   The Court has considered the Joint Stipulation and Settlement Agreement ("Settlement") and the attached proposed Notice of Settlement and proposed Claim Form, and the submissions of counsel, and hereby finds and orders as follows:

1.      This Order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

2.      Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the following three classes ("Settlement Classes"):

The WARN/Contract Class:  All employees who were terminated by Queenstake on or about August 8, 2008 or within thirty (30) days thereafter or before and who have received pay for only thirty (30) days after their employment termination.

The Medical Claims Class:  All Queenstake employees and/or former employees who submitted medical claims during the period starting ninety (90) days prior to August 8, 2008 and continuing for sixty (60) days after August 8, 2008 (or between May 9, 2008 and October 7, 2008), and whose claims have not been paid by Queenstake.  Additionally, the "Medical Claims Class" shall includ ed all Queenstake employees and/or former employees who contributed to flex medical savings accounts in 2008 and who had remaining balanced from their contributions in said accounts at the time of the mass layoff.

The 401K Class:  All Queenstake employees and/or former employees from whose paychecks Queenstake withheld intended 401K contributions in or about August 2008, but which contributions were not deposited in the employees' and/or former employees' respective 401K accounts.

1

3.     Named Plaintiffs Kurt Knudsen, Donald Capp, Larry Moon, Steven Volkert, and Paul Dyer will fairly and adequately protect the interest of the Class, and are hereby appointed as Class Representatives.

4.     The Court hereby finds that Thierman Law Firm, P.C., and the Gerber Law Offices, LLP, are qualified and adequate counsel and hereby appoints them as Class Counsel for the Settlement Classes.

5.     The Court hereby preliminarily approves the Settlement in the total amount of $3,785,121.95 and its terms contained therein, including the requested payment to the Class Representatives for their enhancements of $20,000 each ("Enhancement Award") and  Class Counsel's Attorneys' Fees Award of $780,000 (which includes costs).  The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the Settlement is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues.  It further appears that extensive and costly investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions.  It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  It further appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations.

6.     The Court hereby approves, as to form and content, the "Notice of Settlement" and "Claim Form" annexed to the Settlement.  The Court finds that the distribution of the Notice of Settlement substantially in the manner and form set forth in the Settlement and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7.     The Court hereby directs Defendants to provide the Claims Administrator, within ten (10) days following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, a database of all Class Members, including last known addresses, telephone numbers, and social security numbers.

8.     The Court hereby directs the Claims Administrator to mail or cause to be mailed to Class Members the Notice of Settlement and Claim Form by first class mail no later than forty (40) days after the entry of this Preliminary Order using the procedures set forth in the Settlement.

9.     Class Members shall have sixty (60) days from the date that Notice was sent to submit a valid Claim Form.  The Claims Administrator will provide Class Counsel the names, last known home addresses and last known home telephone numbers of Class Members who have not submitted Claim Forms within the first thirty (30) days after the mailing date of the Notice.

10.     The Court hereby directs the Claims Administrator to mail reminder postcards no later than ten (10) days before the deadline to submit Claim Forms.

11.     The Court hereby directs the Claims Administrator to provide Class Counsel a declaration by the Claims Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice.  Class Counsel will submit said declaration to the Court at least five (5) days prior to the final fairness hearing.

12.     A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2011, at _____ a.m./p.m., to determine all necessary matters concerning the Settlement, including: Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions; Approving Class Counsel's Attorneys' Fee Award (which includes costs); Approving the Class Representatives' Enhancement Award; Certifying the Class for Settlement purposes; Dismissing the Actions on the merits and with prejudice and permanently barring all Class Members from prosecuting against the Released Parties any and all Released Claims arising during the Class

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT—
CASE NO. 3:09-CV-00385-BES-(VPC)

Members' Released Period; Permanently barring the Class Representatives from prosecuting against the Released Parties any and all Class Representatives' Released Claims arising during the Class Representatives' Released Period; and Retaining jurisdiction over the Actions for the purposes of interpreting and enforcing the terms of the Settlement.

13.     All papers in support of final approval of the settlement, the Attorneys' Fees Award and the Class Representatives Enhancement Award must be filed and served no later than ten (10) days prior to the Final Approval Hearing.

14.     Any Class Member may appear at the Final Approval Hearing and may object or express his or her views regarding the settlement, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice of Settlement.  However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless that Class Member has filed with the Court and properly served on counsel for the Parties a written statement stating the basis for their objection and an Entry of Appearance, as set forth in the Notice of Settlement.

15.     The Settlement is not a concession or admission, and shall not be used or construed against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Release Parties.

16.     In the event the Settlement does not become effective in accordance with the terms of the Settlement, or the Settlement is not finally approved, or is terminated, cancelled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement.

17.     The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dated provided for in the Settlement without further notice to

Class Members, and retains jurisdiction to consider applications arising out of or connected with the proposed Settlement.

18.     This Order, which conditionally certifies a class for settlement purposes only, shall not be cited in any matter for the purpose of seeking class collective action certification or class or collective action notice.


**IT IS SO ORDERED.**

Dated: _____, 2011


_____
United States District Court Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT—
CASE NO. 3:09-CV-00385-BES-(VPC)