1  Mark R. Thierman, NSB 8285
   THIERMAN LAW FIRM
2  7287 Lakeside Drive
   Reno, NV 89511
3  Tel: (775) 284-1500
   Fax: (775) 703-5027
4  Email: laborlawyer@pacbell.net

5  Travis W. Gerber, NSB 8083
   GERBER LAW OFFICES, LLP
6  491 4th Street
   Elko, NV 89801
7  Tel: (775) 738-9258
   Fax: (775) 738-8198
8

9  Attorneys for Plaintiffs

10 Anthony L. Hall, NSB 5977
   Dora V. Lane, NSB 8424
11 HOLLAND & HART, LLP
   5441 Kietzke Lane, Second Floor
12 Reno, NV 89511
   Tel: (775) 327-3000
13 Fax: (775) 786-6179
   Email: ahall@hollandhart.com
14        dlane@hollandhart.com

15 Attorneys for Defendant

16

17              UNITED STATES DISTRICT COURT

18                  DISTRICT OF NEVADA

19 KURT KNUDSEN, DONALD CAPP,            Case No.: 3:09-CV-00385-BES-(VPC)
   LARRY MOON, STEVE VOLKERT, and
20 PAUL DYER on behalf of themselves, and   ORDER GRANTING FINAL
   all others similarly situated,            APPROVAL OF CLASS ACTION
21                                            SETTLEMENT

22              Plaintiffs,                Judge: Honorable Robert C. Jones

23         vs.

24 QUEENSTAKE RESOURCE U.S.A. INC.,
   YUKON-NEVADA GOLD CORP.,
25 collectively aka Yukon-Nevada/Queenstake
   USA, Graham Dickson, and Shaun Heinrichs,
26

27              Defendants.

28

---

FILED _____  RECEIVED _____
ENTERED        SERVED ON
        COUNSEL/PARTIES OF RECORD

DEC 1 2 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  On December 12, 2011, before this Court, sitting in Reno, Nevada, on noticed motion,

2  Plaintiffs KURT KNUDSEN, DONALD CAPP, LARRY MOON, STEVE VOLKERT,

3  and PAUL DYER ("Class Representatives"), on behalf of themselves and all other

4  similarly situated, appeared represented by Counsel Mark R. Thierman of the Thierman

5  Law Firm of Reno, Nevada, and Travis W. Gerber of the GERBER LAW OFFICES of

6  Elko, Nevada.    Defendants QUEENSTAKE RESOURCE U.S.A. INC., YUKON-

7  NEVADA GOLD CORP., collectively aka Yukon-Nevada/Queenstake USA, Graham

8  Dickson, and Shaun Heinrichs appeared by their counsel Anthony L. Hall, and Dora V.

9  Lane of HOLLAND & HART, LLP.   After consideration of the papers filed in support of

10  this motion including the declaration of counsel and the claims administrator, the

11  arguments of counsel and the entire  record of these proceedings in this case, the Court

12  hereby Grants  the Joint Motion for Final Approval, and Grants the Plaintiffs Motion for

13  Attorneys fees, costs and enhancements for the named Plaintiffs as class representatives

14  as prayed, and hereby finds and orders as follows:

15      1.    This Order incorporates by reference the definitions in the Settlement, and

16  all terms defined therein shall have the same meaning in this Order as set forth in the

17  Settlement.

18      2.    Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil

19  Procedure, the Court conditionally certifies, for settlement purposes only, the following

20  three classes ("Settlement Classes"):

21  The WARN/Contract Class:  All employees who were terminated by
Queenstake on or about August 8, 2008 or within thirty (30) days thereafter
22  or before and who have received pay for only thirty (30) days after their
23  employment termination.

24  The Medical Claims Class:  All Queenstake employees and/or former
employees who submitted medical claims during the period starting ninety
25  (90) days prior to August 8, 2008 and continuing for sixty (60) days after
August 8, 2008 (or between May 9, 2008 and October 7, 2008), and whose
26  claims have not been paid by Queenstake. Additionally, the "Medical
Claims Class" shall included all Queenstake employees and/or former
27  employees who contributed to flex medical savings accounts in 2008 and
28  who had remaining balanced from their contributions in said accounts at the
time of the mass layoff.

<u>The 401K Class</u>: All Queenstake employees and/or former employees from whose paychecks Queenstake withheld intended 401K contributions in or about August 2008, but which contributions were not deposited in the employees' and/or former employees' respective 401K accounts.

3.     Named Plaintiffs Kurt Knudsen, Donald Capp, Larry Moon, Steven Volkert, and Paul Dyer will fairly and adequately protect the interest of the Class, and are hereby appointed as Class Representatives.

4.     The Court hereby finds that Thierman Law Firm, P.C., and the Gerber Law Offices, LLP, are qualified and adequate counsel and hereby appoints them as Class Counsel for the Settlement Classes.

5.     The Court hereby approves the Settlement in the total amount of $3,785,121.95 and its terms contained therein, including the requested payment to the Class Representatives for their enhancements of $20,000 each ("Enhancement Award") and Class Counsel's Attorneys' Fees Award of $780,000 (which includes costs).

The Court finds that the Settlement is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues

15.     The Settlement is not a concession or admission, and shall not be used or construed against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Release Parties.

16.     The Settlement Agreement shall become the final order of this Court.

**IT IS SO ORDERED.**

Dated: 12 - 12 , 2011

_____

United States District Court Judge

2